## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**CRIMINAL ACTION NUMBER: 4:06CR-13-M**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**V.**

**CARLOS LEON LOGAN**
**ANTONIO JAMAAL MITCHELL**                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion by Defendant, Carlos Leon Logan, to Require Government Disclosure of Any and All Brady or Exculpatory Evidence [DN 61]; on a Motion in Limine by the United States to limit testimony and argument concerning "other acts" evidence related to Brian McKinney [DN 47]; and on a Motion in Limine by the United States to prohibit any reference to penalty [DN 50]. On May 8, 2007, the Court conducted a hearing in this matter.

Defendant, Carlos Leon Logan, has moved for disclosure pursuant to Brady v. Maryland of all reports and information concerning any criminal or official investigations of any law enforcement officer related to this case including former Madisonville Police Officer Brian McKinney and former Pennyrile Narcotics Task Force Officer Charles Cobb. Under our Constitution and our system of justice, the prosecution is obligated to disclose to the defense all impeaching or exculpatory evidence in its possession. Brady v. Maryland, 373 U.S. 83 (1963). At the hearing, Assistant United States Attorney John Kuhn represented to the Court that neither McKinney or Cobb would be called as witnesses in this case. Mr.

Kuhn further informed the Court that during his pretrial preparation of the case, he sent standard "Giglio" letters regarding each potential witness, including McKinney and Cobb, requesting information of any pending criminal actions or any conduct that may have an impact on their truth or veracity. Mr. Kuhn also stated that he has no additional information related to these individuals that he has not previously disclosed.

The Supreme Court has made clear that Brady is not an evidentiary rule that grants broad discovery to a defendant. United States v. Todd, 920 F.2d 399, 405 (6th Cir. 1990). It is a rule of fairness and minimum prosecutorial obligation. Strickler v. Greene, 527 U.S. 263 (1999). Clearly, Mr. Kuhn has discharged his obligation to obtain any exculpatory information under Brady. Defense counsel cannot expect the United States to conduct discovery for her. For these reasons, Defendant Logan's Motion To Require the Government Disclosure of any and all Brady or Exculpatory Evidence [DN 61] is **denied.**

The United States' Motion in Limine to limit certain testimony and argument concerning "other acts" of Brian McKinney [DN 47] is **reserved.** Officer McKinney allegedly mishandled money and weapons in many cases in his capacity as evidence custodian for the Madisonville police department. It is believed that the money which ATF received from the evidence custodian in this case is not the same money which was seized from the Defendant at the time of the search. Mr. Kuhn does not intend to introduce the money into evidence since it was converted into a cashier's check. The government concedes that defense counsel may challenge the chain of custody of the physical evidence by presenting evidence of Officer McKinney's improper conduct in this case. However, the

government seeks to preclude any testimony, evidence or argument regarding the mishandling of currency and other evidence by Officer McKinney in any other cases.

As a general proposition, the government is correct that the admissibility of such evidence is governed by Fed. R. Evid. 404(b). To introduce such evidence simply to show a propensity on the part of McKinney would not be proper. However, 404(b) allows the introduction of other acts evidence for other permitted purposes. At this time, the Defendant has not clearly stated what evidence of other acts or wrongs he intends to introduce nor has he advanced a particular reason why such evidence would be admissible under 404(b). Thus, it is difficult for the Court to determine whether there is sufficient evidence to find that the "other act" occurred and if it tends to prove an issue which is proper under the 404(b). At trial, if the Defendant can provide the Court with specific instances of conduct he seeks to introduce for a permissible reason under 404(b), the Court will decide its admissibility at that time.

Finally, the Motion in Limine by the United States to Prohibit Any Reference to Penalty Related to the Defendants [DN 50] is **granted.**

cc: counsel of record