**FILED**

Jeffrey A. Apperson, Clerk

MAY 1 7 2007

U.S. DISTRICT COURT
WEST'N DIST. KENTUCKY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

CRIMINAL ACTION NO.  4:06CR-13-M

UNITED STATES OF AMERICA                                 PLAINTIFF

VS.

CARLOS LEON LOGAN                                         DEFENDANT

### JURY INSTRUCTIONS

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

### I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The defendant is presumed innocent. The presumption of innocence remains with him unless the government presents evidence that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty. The defendant has no obligation to present any evidence at all or to prove to you in any way that he is innocent. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, then say so by returning a guilty verdict. If you are not convinced, then say so by returning a not guilty verdict.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

2

## WHAT IS NOT EVIDENCE

You must remember that the indictment is not evidence of any guilt. It is simply the formal way the government tells a defendant what crime he is accused of committing. It does not even raise any suspicion of guilt and you may not consider it as such. Furthermore, the following things are not evidence and you may not consider them in deciding what the facts are:

1)   Arguments and statements by lawyers are not evidence;

2)   Questions and objections by lawyers are not evidence;

3)   Testimony I have instructed you to disregard is not evidence; and,

4)   Anything you may have seen or heard when the Court was not in session is not evidence.

## STATE OF MIND

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct

proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence.  In doing this, you must decide which testimony to believe and which testimony not to believe.  You may disbelieve all or any part of any witness's testimony.  You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things.  You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other.  You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

All of these are matters for you to consider in deciding the facts.

## SEPARATE CONSIDERATION OF CHARGES

The defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons described as experts. Persons who, by education and experience, have become experts in some field may state their opinion on matters in that field and may also state their reasons for the opinion.

Expert opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE

A defendant has an absolute right not to testify or present evidence. The fact that he did not testify or present evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

I will now explain the elements of the crimes that the Defendant is accused of committing.



## II. RULES OF LAW

## INSTRUCTION NO. 1

### Count 1 -- Conspiracy to Possess a Controlled Substance with Intent to Distribute

Count 1 of the Superseding Indictment charges that, on or about February 9, 2005, in the Western District of Kentucky, the Defendant, Carlos Leon Logan, conspired with others to commit the crimes of possession with intent to distribute fifty grams or more of a mixture or substance containing cocaine base (commonly referred to as "crack cocaine"), possession with intent to distribute cocaine, and possession with intent to distribute marijuana in violation of federal law.  It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership.  For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

**First,** that two or more persons conspired, or agreed, to commit the crimes of possession with intent to distribute cocaine base, possession with intent to distribute cocaine, or possession with intent to distribute marijuana as those are defined in Instruction No. 3; and

**Second,** that the defendant knowingly and voluntarily joined the conspiracy.

You must be convinced that the government has proved each of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge.

6

### Agreement

With regard to the first element – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crimes of possession with intent to distribute cocaine base, possession with intent to distribute cocaine, or possession with intent to distribute marijuana.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proven an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of possession with intent to distribute cocaine base, possession with intent to distribute cocaine, or possession with intent to distribute marijuana. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

### Defendant's Connection to the Conspiracy

If you are convinced that there was a criminal agreement, then you must decide

whether the government has proven that the defendant knowingly and voluntarily joined that agreement. To convict the defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that the defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning, nor does it require proof that the defendant played a major role in the conspiracy, or that his connection to it was substantial.  A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it.  Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that the defendant joined a conspiracy.  But without more they are not enough.

What the government must prove is that the defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.  This is essential.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

8

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor, is there any requirement that the name of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that a defendant conspired with one or more of them. Whether they are named or not does not matter.

Finally, a buyer/seller relationship alone is not enough to establish participation in the conspiracy.

### Additional Finding

If you find the Defendant guilty of the crime of conspiracy to possess with the intent to distribute a controlled substance, then you must also decide the type of controlled substance involved in the conspiracy. You will be asked in a special verdict form to indicate if you believe from the evidence, beyond a reasonable doubt, whether the conspiracy included cocaine base (crack cocaine), cocaine, or marijuana, or a combination of more than one of these controlled substances.

In addition, if you find the Defendant guilty of the crime of conspiracy to possess with the intent to distribute a mixture or substance containing cocaine base, then you must also determine the amount of cocaine base involved in this crime. You will be asked in a special verdict form to indicate if you believe from the evidence, beyond a reasonable doubt, that the amount of controlled substance involved in this crime was 50 grams or more of a mixture or substance containing cocaine base.

## INSTRUCTION NO. 2

### Count 3 – Distribution of Cocaine Base

Count 3 of the Superseding Indictment charges the Defendant, Carlos Leon Logan, with distributing five grams or more of a mixture or substance containing cocaine base (commonly known as "crack cocaine"), a Schedule II controlled substance on or about February 9, 2005, in the Western District of Kentucky in violation of federal law. Title 21, United States Code, § 841(a)(1) makes it a crime to knowingly or intentionally distribute a controlled substance.

For you to find the Defendant guilty of distribution of cocaine base, you must be convinced beyond a reasonable doubt that the Defendant knowingly and intentionally distributed a mixture or substance containing cocaine base.

To "distribute" simply means to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

### Additional Finding

If you find the Defendant, Carlos Leon Logan, guilty of the crime of distribution of cocaine base as charged in Count 3 of the Superseding Indictment, then you will be asked in a special verdict form to indicate if you believe, beyond a reasonable doubt, that the Defendant distributed five grams or more of a mixture or substance containing cocaine base.



## INSTRUCTION NO. 3

### Count 4 – Possession with Intent to Distribute Cocaine Base
### Count 5 – Possession with Intent to Distribute Cocaine
### Count 6 – Possession with Intent to Distribute Marijuana

Count 4 of the Superseding Indictment charges the Defendant, Carlos Leon Logan, with possession with intent to distribute fifty grams or more of a mixture or substance containing cocaine base (commonly known as "crack cocaine"), a Schedule II controlled substance, on or about February 9, 2005, in the Western District of Kentucky.  Count 5 of the Superseding Indictment charges the Defendant, Carlos Leon Logan, with possession with intent to distribute cocaine, a Schedule II controlled substance, on or about February 9, 2005, in the Western District of Kentucky.  Count 6 of the Superseding Indictment charges the Defendants, Carlos Leon Logan, with possession with intent to distribute marijuana, a Schedule I controlled substance, on or about February 9, 2005, in the Western District of Kentucky.  Title 21, United States Code, § 841(a)(1) makes it a crime to knowingly or intentionally possess with intent to distribute a controlled substance.

For you to find the defendant guilty of possession with the intent to distribute a controlled substance, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

**First,** that the defendant knowingly and intentionally possessed the controlled substance; and,

**Second,** that the defendant possessed controlled substance with the intent to distribute it.

To "possess with the intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

11

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on the charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of the charge.

If you find the defendant not guilty of possession with intent to distribute under either Count 4, Count 5 or Count 6, or if you are otherwise unable to reach a verdict on any of the possession with intent to distribute charges, then you must determine whether you believe beyond a reasonable doubt that the defendant violated Title 21, United States Code, § 844, which makes it a federal crime for anyone to possess a controlled substance. For you to find a defendant guilty of possession of a controlled substance you must be convinced that the government has proved the following element beyond a reasonable doubt:

1) that the defendant knowingly and willfully possessed a controlled substance.

If you are convinced that the government has proved this element say so by returning a guilty verdict for this offense. If you have a reasonable doubt about this element, then you must find the defendant not guilty of this offense.

### Additional Finding

If you find the Defendant guilty of the crime of possession with the intent to distribute cocaine base as charged in Count 4, then you will be asked in a special verdict form to indicate if you believe, beyond a reasonable doubt, that the amount of cocaine base was 50 grams or more, at least 5 grams but less than 50 grams, or less than 5 grams.

## INSTRUCTION NO. 4

### Count 8 – Using or Maintaining a Place for Distributing or Using a Controlled Substance

Count 8 of the Superseding Indictment charges the Defendant, Carlos Leon Logan, with knowingly using or maintaining a place at 701 Clearview Avenue, Madisonville, Kentucky, for the purpose of distributing or using a controlled substance, namely cocaine base, cocaine, or marijuana, on or about February 9, 2005, in the Western District of Kentucky in violation of federal law. Title 21, United States Code, § 856(a)(1) makes it a crime to knowingly use or maintain a place for the purpose of distributing or using a controlled substance. Cocaine base and cocaine are Schedule II controlled substances and marijuana is a Schedule I controlled substance.

For you to find the defendant guilty of using or maintaining a place for purposes of distributing or using cocaine base, cocaine or marijuana, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

**First,** that the defendant knowingly used or maintained a place at 701 Clearview Avenue, Madisonville, Kentucky; and

**Second**, that the defendant did so for the purpose of distributing or using cocaine base, cocaine or marijuana.

A defendant maintains a place for the purpose of distributing or using cocaine base, cocaine or marijuana if the defendant maintains the place for the specific purpose of distributing or using the controlled substance. The specific purpose need not be the sole purpose for which the place is used, but must be one of the primary or principal uses for which the place is used.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 5

### Aiding and Abetting

For you to find a defendant guilty of the crime of possession with the intent to distribute a controlled substance as charged in Counts 4, 5, and 6 or the crime of using or maintaining a place for distributing or using a controlled substance as charged in Count 8, it is not necessary for you to find that he personally committed the crime. Instead, you may also find a defendant guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an "aider and abettor."

But for you to find a defendant guilty of this charge, as an aider and abettor, you must be convinced that the government has proven each and every one of the following elements beyond a reasonable doubt:

**First**, that the crime was committed;

**Second**, that the defendant helped to commit the crime or encouraged someone else to commit the crime; and

**Third**, that the defendant intended to help commit or encourage the crime.

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on that charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of that charge as an aider and abettor.

## INSTRUCTION NO. 6

### Count 9 – Possession of a Firearm in Furtherance
### of a Drug Trafficking Crime

Count 9 of the Superseding Indictment charges the Defendant, Carlos Leon Logan, with possessing a Beretta 9 mm handgun in furtherance of a drug trafficking crime on or about February 9, 2005, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

For you to find a defendant guilty of possession of a firearm in furtherance of a drug trafficking crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

**First,** that the defendant committed one of the drug trafficking crimes charged in Counts 1, 3, 4, or 5 of the Superseding Indictment;

**Second,** that the defendant knowingly possessed a firearm; and

**Third,** that the possession of the firearm was in furtherance of one of the crimes charged in Counts 1, 3, 4, or 5 of the Superseding Indictment.

The term "firearm" means any weapon which will or is designed to expel a projectile by the action of an explosive.

The term "in furtherance of" means that the firearm was possessed to advance or promote the crimes charged in Counts 1, 3, 4, or 5 and that the firearm was strategically located so that it was quickly and easily available for use.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of

16



these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 7

### Possession – Defined

The government does not necessarily have to prove that the Defendant physically possessed the controlled substances or the firearm for you to find him guilty of this crime. The law recognizes two kinds of possession -- actual possession and constructive possession. Either of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the Defendant had direct, physical control over the controlled substances or firearm, and knew that he had control of it.

To establish constructive possession, the government must prove that the Defendant had the right to exercise physical control over the controlled substances or firearm, and knew he had this right, and that he intended to exercise physical control over the controlled substances or firearms at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The government must prove that the Defendant had actual or constructive possession of the controlled substances or firearm, and knew that he did, for you to find that he possessed it.

18

One more thing about possession. The government does not have to prove that the Defendant was the only one who had possession of the controlled substances or firearm. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

But remember that just being present with others who had possession is not enough to convict. The government must prove that the Defendant had either actual or constructive possession of the controlled substances or firearm, and knew that he did, for you to find him guilty of this crime.

## INSTRUCTION NO. 8

The word "knowingly," as that term has been used from time to time in these instructions means that the acts were done voluntarily and intentionally, not because of mistake or accident.

The word "intentionally," as that term has been used from time to time in these instructions means that the acts were done deliberately and purposefully. In other words, the Defendant's acts, if any, must have been the product of his conscious objective and plan, rather than the product of a mistake, accident, or misunderstanding.

20

## INSTRUCTION NO. 9

### Impeachment of Witness by Prior Conviction

You have heard the testimony of Kenneth Yancey.  You have also heard that before this trial he was convicted of a crime.  This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was.  Do not use it for any other purpose.  It is not evidence of anything else.

21



## INSTRUCTION NO. 10

The Superseding Indictment charges that the crime occurred "on or about" a certain date. Although the government does not have to prove with certainty the exact date of the alleged offense, the government must prove that the offense was committed on a date reasonably near the date alleged.



## INSTRUCTION NO. 11

If you decide that the government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Your job is to look at the evidence and decide if the government has proved the Defendant guilty beyond a reasonable doubt.

### III. JURY DELIBERATIONS

I come now to the last part of the instructions, the rules for your deliberations.

### UNANIMOUS VERDICT

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court. Your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt. To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous.

### REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with each other, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks

at some point as if you may have difficulty in reaching a unanimous verdict, you should

reexamine your position to see whether you have given careful consideration and sufficient

weight to the evidence that has favorably impressed the jurors who disagree with you. You

should not hesitate to reconsider your views from time to time and to change them if you

think that is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you

can do so after having made his or her own conscientious determination. Do not surrender

an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## NOTES

Now I'd like to say something about the notes you may have taken during the trial.

Your notes should be used only as memory aids. You should not give your notes precedence

over your independent recollection of the evidence. If you have not taken notes, you should

rely upon your independent recollection of the proceeding, and you should not be unduly

influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each

juror as to what the testimony may have been. Whether you have used notes or not, each of

you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial.

However, we will not have a typewritten transcript from the record available for your use in

reaching a decision in this case.

## RETURN OF VERDICT FORM

After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.